UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| LINQ360, LLC | ) |
| | ) 2:12-CV-01881-LRH-CWH |
| Plaintiff, | ) 2:12-CV-01882-LRH-CWH |
| | ) |
| vs. | ) <u>ORDER</u> |
| | ) |
| SUITE LINQ, INC., | ) |
| | ) |
| Defendant. | ) |

This is a contract dispute. Before the Court are Defendant SuiteLinq, Inc.'s ("SuiteLinq") (1) Motions to Dismiss and Quash Service (Docs. #6-1881[1], #7-1882); and (2) Motion to Consolidate (Doc. #15-1881). Plaintiff Linq360, LLC ("Linq360") has responded (Docs. #10-1881, #11-1882), and SuiteLinq has replied (Docs. #11-1881, #12-1882). Also before the Court is Linq360's Motion to Remand (Doc. #9-1881, #10-1882). SuiteLinq has responded (Doc. #13-1881, #15-1882), and Linq360 has replied (Doc. #14-1881, #16-1882).

**I.     Factual and Procedural History**

Linq360 filed two separate but similar cases against SuiteLinq on September 5, 2012 (No. 2:12-CV-01881, herein "Case 1881") and September 18, 2012 (No. 2:12-CV-01882, herein "Case 1882") in the Eighth Judicial District Court of Nevada.

Case 1881 alleges that, on or about February 10, 2012, SuiteLinq and Linq360 entered into a Convertible Promissory Note and Note Issuance Agreement ("Note"). Pursuant to that Note, Linq360 allegedly advanced SuiteLinq $275,000 with a 60 day maturity term at 9% interest

---

[1] The four digit number following the document number corresponds to the last four digits of the case number of the two respective cases.

per annum. Linq360 alleges SuiteLinq failed to repay the Note on the due date with the full balance, accrued interest and attorney's fees still being due. Linq360 further alleges their demands for repayment have been alternatively ignored or met with false assurances of repayment. In addition to the amount due, Linq360 contends it has incurred damages in excess of $10,000 as a direct and proximate cause of SuiteLinq's failure to repay.

Case 1882 alleges that, on or about March 2, 2011, SuiteLinq and Linq360 executed a Master Membership Agreement ("MMA"). Linq360 further alleges that pursuant to the MMA, SuiteLinq was obligated to pay Linq360 $10,000 per month for the term of the MMA. Linq360 alleges SuiteLinq failed to make the monthly payments and the unpaid balance is now due, plus accrued interest and attorney's fees. Linq360 allegedly demanded payment from SuiteLinq, but these demands were ignored or met with false assurances of future payment. As a result of this non-payment, Linq360 contends that it incurred damages in excess of $10,000 directly and proximately caused by SuiteLinq's non-payment.

On or about October 12, 2012, Linq360 filed proof of service with state court. The Affidavit of Service accompanying that summons states that Roger Payne served National Registered Agents ("NRA"), SuiteLinq's registered agent in Dover, Delaware, on September 19, 2012. The summons was effectuated on NRA via Federal Express, delivered by Federal Express' courier and not by Payne personally.

Linq360 alleges (1) breach of contract; (2) unjust enrichment; (3) promissory estoppel; and (4) requests declaratory relief in connection with both Case 1881 and Case 1882. SuiteLinq removed the state court actions to the United States District Court for the District of Nevada.

**II.     Discussion**

    **A.     Motion to Consolidate (Doc. #15)**

Federal Rule of Civil Procedure 42(a) stipulates "[i]f actions before the court involve a common question of law or fact," the court may consolidate the actions. District courts have broad discretion to grant or deny consolidation. *See In re Adams Apples, Inc.,* 829 F.2d 1484, 1487 (9th Cir. 1987). In considering whether to consolidate actions, the court "weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by

1  consolidation." *S.W. Marine, Inc. v. Triple A Mach. Shop*, 720 F.Supp. 805, 807 (N.D. Cal.
2  1989). Furthermore, Local Rule 7-2.1 provides that actions are related where: (1) the actions
3  involve the same parties and are based on the same or similar claims; (2) both actions involve the
4  same property, transaction or event; (3) both actions involve similar questions of fact and the
5  same question of law and their assignment to the same judge would result in a substantial saving
6  of judicial effort; and (4) substantial duplication of labor would be avoided by assignment to a
7  single judge.

8  The two cases pending before this Court involve the same parties: Linq360 and
9  SuiteLinq. The cases present the same questions of law, involving the same causes of action.
10  Additionally, a natural overlap exists in the facts since these two actions arise out of related
11  business dealings between the two parties. The consolidation of these cases poses no danger of
12  delay, confusion or prejudice. Accordingly, the court grants SuiteLinq's Motion for
13  Consolidation.

14  **B.    Motion to Dismiss and Quash Service**

15  SuiteLinq moves to dismiss and quash service under Fed.R.Civ.P. 12(b)(5) for
16  insufficiency of service of process. Because Linq360 originally filed its complaint in state court,
17  the motion must be decided under Nevada law and thus we look to the Nevada Rules of Civil
18  Procedure. *Lee v. City of Beaumont,* 12 F.3d 933, 936-37 (9th Cir. 1993) (noting that "[t]he issue
19  of the sufficiency of service of process prior to removal is strictly a state law issue"), *overruled*
20  *on other grounds by Cal. Dep't Water Res. v. Powerex Corp.*, 53 F.3d 1087, 1091 (9th Cir.
21  2008). Nevada Rule of Civil Procedure 4(d)(2) requires service of process be made upon a
22  foreign corporation or non-resident entity's agent or representative in-state or, if no such agent or
23  representative is available in-state, then upon the secretary of state or deputy secretary of state.
24  Further, Nevada Rule of Civil Procedure 4(e)(2) permits personal service out-of-state.

25  When applying the Nevada Rules of Civil Procedure, the court may look to the
26  corresponding Federal Rules for guidance. *Am. Home Assurance Co. v. The Eighth Judicial*
27  *Dist.,* 147 P.3d 1120, 1238 n. 28 (Nev. 2006); *Lawler v. Ginochio*, 584 P.2d 667, 668 (Nev.
28  1978). In federal court, Federal Rule of Civil Procedure 4 governs the service of process. When

1  a party brings a motion to dismiss for insufficiency of service of process under Rule 12(b)(5),[2]
2  the court may choose to dismiss the action or quash service. 5B Charles Alan Wright & Arthur
3  R. Miller, *Federal Practice and Procedure* § 1354 (3d ed. 2008).   Courts have broad discretion
4  to dismiss the action or quash service. *Id.*  However, the Court should be mindful that if the
5  defendant likely can be served, quashing service avoids duplicative action on the part of the
6  plaintiff. *Id.*  Thus, mindful that plaintiffs should not be denied their day in court because of a
7  technical oversight, federal courts frequently retain the action and permit the plaintiff an
8  opportunity to re-serve the plaintiff. *See Surowitz v. Hilton Hotel Corp.,* 383 U.S. 363, 373
9  (1966) ("[T]he basic purpose of the Federal Rules is to administer justice through fair trials, not
10 through summary dismissals.").

11         Linq360's service of process was ineffective in this case. It failed to follow Rule 4 of the
12 Nevada Rules of Civil Procedure.  Without a registered agent to serve in-state, Linq360 failed to
13 serve the secretary of state or the deputy secretary of state.  Furthermore, the out-of-state service
14 was not personal because it was effectuated through Federal Express.  Accordingly, the Court
15 grants SuiteLinq's motion to quash service and permits Linq360 thirty days to re-serve
16 SuiteLinq.

17         **C.  Motion to Remand**

18         Linq360 moves to remand to state court, charging that SuiteLinq failed to file a timely
19 notice of removal. 28 U.S.C. § 1441(a) stipulates that "any civil action brought in a State court
20 of which the district courts of the United States have original jurisdiction, may be removed by the
21 defendant or the defendants, to the district court of the United States for the district and division
22 embracing the place where such action is pending." Removal of a case under 28 U.S.C. § 1441
23 may be challenged by motion. *See* 28 U.S.C. § 1447(c). Pursuant to § 1446(b), "[t]he notice of
24 removal of a civil action or proceeding shall be filed within thirty days after the receipt by the
25 defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim
26 for relief." The Supreme Court has held "that a named defendant's time to remove is triggered by

27
28         [2] Under the Nevada Rules of Civil Procedure, motions to dismiss for insufficiency of process are authorized under Rule 12(b)(4).

4

1  simultaneous service of the summons and complaint, or receipt of the complaint, 'through
2  service or otherwise,' after and apart from service of the summons, but not by mere receipt of the
3  complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing,*
4  *Inc.*, 526 U.S. 344, 347-48 (1999). Because Linq360's service of process was insufficient,
5  SuiteLinq's thirty day window for removal never began to run. The court therefore denies
6  Linq360's motion to remand.

7    IT IS THEREFORE ORDERED that SuiteLinq's Motion to Consolidate (Doc. #15-1881)
8  and Motions to Quash Service (Docs. #6-1881, #7-1882) are GRANTED.

9    IT IS FURTHER ORDERED that Linq 360's Motions to Remand (Docs. #9-1881, #10-
10 1882) are DENIED without prejudice.

    IT IS SO ORDERED.
    DATED this 22nd day of July, 2013.

    _____
    LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE